IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

GAIRAT SAADULLOEV,                                )
                                                  )
                                                  )   Civil Action No. 3:23-cv-00106
            Petitioner,                           )
                                                  )
                                                  )
      vs.                                         )      United States Magistrate Judge
                                                  )      Cynthia Reed Eddy
                                                  )
MERRICK GARLAND, ATTORNEY                         )
GENERAL OF THE UNITED STATES;                     )
CAMMILLA WAMSLEY, FIELD OFFICE                    )
DIRECTOR, PHILADELPHIA ICE; AND                   )
ALEJANDRO MAYORKAS, SECRETARY                     )
OF HOMELAND SECURITY;                             )
                                                  )
                                                  )
            Respondents.                          )

MEMORANDUM OPINION[1]

**Cynthia Reed Eddy, United States Magistrate Judge**

**I.      Introduction**

On May 16, 2023, Petitioner Gairat Saadulloev ("Saadulloev"), who is in immigration

detention, filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the

United States District Court for the Eastern District of Pennsylvania.  (ECF No. 1). Because

Saadulloev is currently detained in the custody of the United States Immigration and Customs

Enforcement ("ICE") at Moshannon Valley Processing Center, which is within the territorial

boundaries of this Court, the case was transferred to the Western District of Pennsylvania on May

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily
consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment.
(ECF Nos. 13 and 16).

24, 2023. (ECF No. 7).  Respondents have filed a Response (ECF No. 18), to which Saadulloev

filed a counseled Reply. (ECF 19). The matter is ripe for disposition.

## II.      Facts and Procedural History

Saadulloev is a native and citizen of Tajikistan.  He entered the United States on September

19, 2022, through the Mexican border at the San Ysidro port of entry on foot and applied for

admission into the United States.  An immigration officer determined Saadulloev inadmissible

under Section 212(a)(7)(A)(i) of the Immigration and Nationality Act ("INA")[2] because at the time

of application for admission, he was not in possession of any valid entry documents.  He was

granted humanitarian parole on September 19, 2022, and served with a notice to appear. (Pet., ¶

10 and ECF No. 18-1).  According to the Petition, Saadulloev's parole was scheduled to expire on

September 18, 2023. Pet., ¶ 10.

On December 21, 2022, while on parole, Saadulloev was arrested by the Philadelphia

Police Department and charged with indecent exposure and corruption of minors.  (ECF No. 18-

1). He was released on a $50,000.00 unsecured bond. *See* Docket No. MC-51-CR-0022008-2022,

*Commonwealth v. Jairat Saadulloev*.[3]  On April 4, 2023, Saadulloev was arrested by Department

of Homeland Security, Enforcement and Removal ("ERO") officers as he was walking to the

---

[2]      Section 1227(a)(1)(A) provides that "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable." Section 1182(a)(7)(A)(i) provides,

> any immigrant at the time of application for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title, is inadmissible.

[3]      The Court takes judicial notice of the public criminal case docket. https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=MC-51-CR-0022008-2022 (last viewed March 11, 2024).

courthouse in Philadelphia for a hearing in his criminal case.  The ERO officers served Saadulloev

with a notice to appear before an immigration judge on April 18, 2023, which initiated the current

removal proceedings, and also terminated his parole.  Notice to Appear (ECF No. 18-2).

On May 2, 2023, Saadulloev, through counsel, filed a Motion for Custody Re-

Determination with the Immigration Court, requesting that he be released from custody.  (ECF No.

18-3).  The Immigration Judge denied the motion based on "lack of jurisdiction – Respondent is

charged as an arriving alien."  (ECF No. 18-4).  Saadulloev, through counsel, then filed a Motion

to Terminate Removal Proceedings asserting that his parole documents were still in place and that

he is not properly subject to removal. (ECF No. 18-5).  A hearing originally was scheduled on this

motion for July 24, 2023, and then continued to August 11, 2023. (ECF No. 19).  A copy of the

decision from that hearing is not included in the record provided to this Court;[4] however, the ICE

Detainee Locator reflects that Saadulloev remains in custody at Moshannon Valley ICE Processing

Center. *See* https://locator.ice.gov/odls/#/results (last reviewed 3/11/2024).

While the Motion to Terminate Removal Proceedings was pending before the Immigration

Judge, Saadulloev filed the instant counseled petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. He contends his detention is unlawful and violates his substantive due process rights under

the Fifth Amendment and his right to a speedy trial under the Sixth Amendment.  As relief,

Saadulloev requests:

> (1) this Court assume jurisdiction over this matter;
>
> (2) enter a preliminary injunction restraining Respondents from transferring him to
> another Detention Center / Correctional Facility or out of the United States until
> the disposition of this case;

---

[4]      Respondents attached to their response the Notice of Internet-Based Hearing dated May
16, 2023, scheduling the hearing for July 24, 2023. (ECF No.  18-6).

(3) grant the Petition directing the Respondents to immediately release him from custody;

(4) enter Preliminary and permanent injunctive relief enjoining Respondent from unlawful detention of Saadulloev; and

(5) award Saadulloev reasonable attorney fees and costs.

Petition, Prayer for Relief.  (ECF No. 1).

Respondents filed a timely Response in which they argue the Petition should be dismissed on a number of grounds: (1) that Saadulloev's parole was properly revoked and that as an "arriving alien" he is subject to mandatory detention; (2) that § 1252(g) bars this Court from exercising jurisdiction over Saadulloev's claims; and (3) even if the Court had subject matter jurisdiction, both claims fail on their merits. Through counsel, Saadulloev filed a reply, citing no authority to counter the Respondents' argument, but reasserting his argument that Respondents violated an internal policy in arresting him.  (ECF No. 19). The parties' arguments will be addressed in turn.

## III.    Analysis

### A.    Saadulloev is subject to mandatory detention

The record reflects that as an alien who presented himself at the border without possessing valid entry or travel documents, Saadulloev was classified as an "arriving alien."  Title 8, United States Code, § 1225(b), applies to "arriving aliens" and mandates the detention of "arriving aliens" who, like Saadulloev do not possess valid entry or travel documents when they arrive.  Arriving aliens[5] are inspected immediately upon arrival by an officer of the United States Customs and

---

[5]    Individuals who "arrive" at the border seeking entry into the country are deemed to be "applicants for admission" to the country.  8 U.S.C. § 1225(a)(1); *see also* 8 C.F.R. § 1.2 (defining arrival alien as an "applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry. . ."). "An arriving alien remains an arriving alien even if paroled . . . and even after any such parole is terminated or revoked." *Id.*

Border Protection, and are at least temporary detained in order to determine their status; that is, whether they must be immediately returned to their origin or permitted to remain in the United States pending proceedings to determine if admissible. 8 U.S.C. § 1225(a)(3).  An arriving alien may be paroled into the United States on a temporary basis if the Attorney General determines that "urgent humanitarian reasons or significant public benefit" warrant the alien's release.  8 U.S.C. § 1182(d)(5)(A).  Parole may be "terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of the parole."  8 C.F.R. § 212.5(e)(1).  And "[w]hen a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified." *Id.*   When the Attorney General determines that the purpose of the parole has been served, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

Here, Saadulloev was paroled into the United States for humanitarian reasons on September 19, 2022.  That parole was temporary, and according to the Petition, set to expire on September 18, 2023. (Pet., ¶ 10).  However, on April 4, 2023, Saadulloev was served with a Notice to Appear, initiating removal proceedings.  At that point, his parole was terminated and he was restored to his prior status, i.e., as a arriving alien not in possession of valid entry or travel documents.  And as an arriving alien not in possession of valid entry or travel documents, Saadulloev is subject to mandatory detention during the pendency of any consideration of an application for asylum.[6]

---

[6]     The record reflects that Saadulloev has asserted that he plans on filing an Application for Asylum and Withholding of Removal with the Immigration Court asserting two grounds for relief: (1) conscription into the Russian army and (2) the Government of Tajikistan and its allies have

**B.      This Court Lacks Jurisdiction to Hear Saadulloev's Claims**

Notably, Saadulloev is not arguing that his detention in ICE custody has become unreasonably prolonged. Rather, he is arguing that (1) his Fifth Amendment substantive due process rights have been violated because "ICE did not make the custody decision in a neutral and fair setting" and "violat[ed] their own policy memorandum by arresting a person going to court" and (2) his Sixth Amendment speedy trial rights were violated when he was arrested "outside the criminal court before he had the opportunity to have his [criminal] case dismissed."  This Court lacks jurisdiction to hear either of these claims.

Title 8, United States Code, section 1252(g), prohibits federal courts from exercising subject matter jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, . . .  against any alien . . . ."  Section 1252(g) applies only to three discrete actions that the Attorney General may take, specifically, the "decision or action to <u>commence</u> proceedings, <u>adjudicate</u> cases, or <u>execute</u> removal orders."  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original).

The Government's decision to arrest Saadulloev on April 4, 2023, clearly is a decision to "commence proceedings" that squarely falls within the jurisdictional bar of § 1252(g).  Every act of which Saadulloev complains flowed directly from the agents' discretionary decision to commence removal proceedings and the actions those agents took to effectuate that decision. Therefore, this Court lacks subject matter jurisdiction over Saadulloev's claims by the unambiguous plain text of § 1252(g).

---

confiscated Saadulloev's business and "imprisoned him and tortured him in order to seize his property." *See* Motion for Custody Re-Determination, ECF No. 18-3.

Alternatively, even if this Court had jurisdiction, Saadulloev's claims would still fail on their merits. To the extent Saadulloev is challenging ICE's custody determination as a substantive due process violation, such challenge fails. As explained above, Saadulloev, as an "arriving alien" without possessing valid entry or travel documents, is subject to mandatory detention. *See* 8 U.S.C. § 1225(b)(2)(A) (providing that if ICE determines that such an alien "is not clearly and beyond a doubt entitled to be admitted, the alien <u>shall</u> be detained" pending a removal proceeding)(emphasis added).

And while Saadulloev also argues that the ICE custody decision was not made in a "neutral and fair" manner, he provides no support for this argument. To the extent Saadulloev is relying upon the Department of Homeland Security's April 27, 2021 Memorandum of Civil Enforcement Actions in or near Courthouses, his reliance on this Memorandum is misplaced. Paragraph VI of the Memo, entitled "No Private of Action," specifically states it "is not intended to, and does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." (ECF No. 19, Exh. 1, at p. 6). The Court of Appeals for the Third Circuit has clearly stated that "agency interpretative guidelines do not give rise to the level of a regulation and do not have the effect of law." *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004). *See also Whitenight v. Elbel*, 2019 WL 7284251, at *9 (W.D.Pa. Dec. 27, 2019) (quoting *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2008) ("[A] prison policy manual does not have the force of law and does not rise to the level of a constitutional violation.") (citing *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004)).

To the extent Saadulloev argues that his arrest was a direct violation of his Sixth Amendment speedy trial rights, such a violation would not entitle him to be released from federal

immigration custody, which as noted above is mandatory pursuant to 8 U.S.C. § 1225(b). To the extent he has a cognizable Sixth Amendment claim, he would first have to raise it in his state criminal proceedings before seeking federal habeas relief under Section 2241.

## III.     Conclusion

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. The Clerk will be directed to mark this case closed. A separate Order follows.

Dated:  March 12, 2024

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:     All Counsel of Record
         (ECF electronic notification)